Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-014-HRW

CLAUDE E. PLUMMER                                               PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

PAROLE BOARD OF THE STATE OF KENTUCKY             RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Claude E. Plummer, an individual currently incarcerated in the Kentucky State Reformatory ("KSR"), in LaGrange, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, purportedly pursuant to 28 U.S.C. § 2241, and has paid the $5.00 filing fee.

This matter is before the Court for the screening of the Petition. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, *1 (6th Cir. 2002). As Plummer is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

**ALLEGATIONS AND CLAIMS**

Petitioner has submitted two hand-written pieces of paper, both of which are styled for this

Court and titled "Appeal from Franklin Circuit Court Civil Action No. 08-CI-00975." First, he alleges that the Kentucky "Parole system does not operate justly. They violate statue's [sic] and Constitutional Rights. . . I see no reason why my case should not be heard in federal court's. The state court's are wrong; the way they over see the operation of the parole system." He also asks for accommodations based on his limited resources as a prisoner.

Attached to the allegations are copies of documents which appear to be selected pleadings from cases he has litigated in other courts. These documents include a copy of the docket in *Claude E. Plummer vs Parole Board*, Franklin Circuit Court, Civil Action No. 08-CI-00975, and his Notice of Appeal of that action to the Kentucky Court of Appeals; his Motion to Vacate or Modify Judgment and completed forms for "Sub-motions" referencing Franklin Circuit Court Criminal Actions against him, Nos. 82-CR-037 and 78-CR-051; an unidentified memorandum of law regarding Rule 60.02 case law; and a conditional grant of habeas corpus relief and dismissal order in the United States District Court for the Western District of Kentucky, in *Plummer v. Seabold*, No. C89-0052-P(J), both dated August 6, 1990.

The Petitioner's attachments also include appellate court documents. He presents a copy of the docket of the Court of Appeals in *Plummer v. Parole Board*, 2008 CA-001490, in which he appealed the decision in the Franklin Circuit Court Case above-described Case No. 08-CI-00975, and the Court of Appeals Order dismissing that appeal for Plummer's failure to file a timely brief. Finally, there is also an Order wherein the Supreme Court of Kentucky acknowledged the filing and return of "multiple unidentifiable pleadings" to Plummer, on January 29, 2009, in Supreme Court Case No. 2008-CA-001409.

Plummer filed the instant action on February 9, 2009.

## DISCUSSION

It seems the Petitioner is unhappy with the decisions of the State Parole Board and the State appellate courts. As he apparently submitted to the Kentucky Supreme Court in the above-described action, he has submitted to this Court "multiple unidentifiable pleadings," which are unauthorized and difficult to follow. He complains of violations of statutes without identifying the statutes, and of "Constitutional Rights" without detailing either the facts or the law purportedly supporting his Constitutional claim(s).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted).

This Court is not required to create a claim for a litigant. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985); *Shipp v. Richardson,* 2008 WL 2358859, *1 (W.D.Ky. 2008) (not reported).

When a plaintiff or petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient to state a claim. *O'Hara v. Wigginton,* 24 F.3d 823, 826 (6th Cir. 1994)

3

(citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Here, this Court finds that the would-be Petitioner has provided insufficient allegations for this cause of action to go forward. He fails to allege who did what and when and why his rights were violated by whatever the parole board did. Importantly, he does not state under what authority he has come to federal court to appeal State issues.

There is no authority for the federal courts to hear appeals from State court decisions. To the contrary, the *Rooker-Feldman* doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). There is no indication herein that Petitioner first went to the Supreme Court of the United States before this filing.

Also, the appellate court in this circuit has written, "[i]t is well recognized that a state convicted prisoner must first exhaust his available and adequate state remedies as a condition precedent to federal habeas relief." *Wiley v. Sowders*, 647 F.2d 642, 646 (6th Cir. 1981) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); 28 U.S.C. Section 2254(b) and (c). The petitioner must fully exhaust his available state remedies or prove the futility of doing so. *Rose v. Lundy*, 455 U.S. 509 (1982); *Matlock v. Rose*, 731 F.2d 1236, 1239-41 (6th Cir. 1984).

A state prisoner must present the substance of every claim he intends to assert in a habeas petition to all levels of state review before filing in federal court. 28 U.S.C. § 2254(b); *Franklin v.*

*Rose*, 811 F.2d 322 (6th Cir. 1987); *see also Silverburg v. Evitts, Warden*, 993 F.2d 124 (6th Cir. 1993). Neither missing a deadline for a brief nor submitting inappropriate documents for an appeal gives the State Courts an opportunity to address the merits of his claim. Further, to the extent that Plummer intended to challenge his conviction herein, as he evidently did in 1989, this Court will not construe this action one pursuant to 28 U.S.C. § 2254 because of the attendant risks to the prisoner; the Court will dismiss the Complaint without prejudice. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, the Court concluding that Petitioner's allegations fail to state a claim upon which this Court may grant relief and being otherwise advised, **IT IS ORDERED** as follows:

(1) Claude E. Plummer's Petition for Writ of Habeas Corpus is **DENIED** and

(2) this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 7 day of April, 2009.

Henry R. Wilhoit, Jr., Senior Judge